MULLEN v. CONYNGHAM.

(Supreme Court, Appellate Term. February 24, 1899.)

FORCIBLE ENTRY—EVIDENCE.
　　Where, in an action for forcible detainer, the evidence fails to show that defendant used force to repossess himself of premises from which he had been expelled by plaintiff, within the meaning of the forcible entry and detainer law, the action will not lie.

Appeal from municipal court, borough of the Bronx, Second district.

Forcible entry and detainer by Thomas J. Mullen against Michael Conyngham. From a judgment dismissing the petition, petitioner appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Mulqueen & Mulqueen, for appellant.

John Baptist Marshall, for respondent.

PER CURIAM. It may be conceded that the fact that the petitioner himself had been guilty of forcible entry and detainer would not have authorized the defendant to employ force to regain possession, and that, if he had forcibly repossessed himself, it would have been no defense in the present proceeding that the petitioner had done the same thing. But defendant had a right to seek legal redress, and the evidence fails to establish that he used force to repossess himself, within the meaning of the law relating to forcible entry and detainer.

Judgment dismissing the petition and proceedings without costs should be affirmed, with costs.

